**EXHIBIT A**

STARK COUNTY COMMON PLEAS COURT
CIVIL DESIGNATION FORM
PURSUANT TO LOCAL RULE 9.02, THIS FORM MUST BE FILLED OUT IN ITS ENTIRETY.
IF THIS FORM IS NOT FILLED OUT IN ITS ENTIRETY, THE COMPLAINT AND ALL
OTHER DOCUMENTS WILL BE RETURNED BY THE CLERK WITHOUT FILING.

CASE NUMBER **2020CV01108**

PLAINTIFF James Byrd, Jr.    Heath

-vs-

DEFENDANT Pepsico/Frito-Lay

Has this case been previously filed and dismissed? ___ Yes ✓ No. If yes, list case no. and judge. _____

List all related pending case(s) including case number and judge. _____

CIVIL CATEGORIES: PLACE (X) IN ONE CATEGORY ONLY

{ } A. Professional Tort
    { } Medical Malpractice
    { } Dental Malpractice
    { } Optometric Malpractice
    { } Chiropractic Malpractice
    { } Legal Malpractice
    { } Other Malpractice

{ } B. Product Liability

{ } C. Other Tort
    { } Personal Injury
    { } Personal Injury - Auto
    { } Miscellaneous

{ } D. Workers Compensation

{ } E. Foreclosure

{ } F. Administrative Appeal

{ } G. Complex Litigation Classification Requested

{X} H. Other Civil
    { } Contract Case
    {X} Miscellaneous Civil
    { } Real Property
    { } Consumer Sales Practices Act
    { } Credit Card Case

Brief Factual Summary:
Job discrimination due to disability

Description of damages including all special damages to date: Discrimination

Do you think this case should be referred to the Court Mediation Program at this time? ___ Yes ✓ No
Reasons:

Is this case based on a violation of the Ohio Mortgage Broker Act (ORC 1322) ? ___ Yes ✓ No

James Byrd, Jr.
Firm Name (Print or Type)          Attorney of Record (Print or Type)

3726 Heatherwood Cir.
Address Canton, OH 44720           Signature

330-361-0530
Telephone                           Attorney Registration Number

REV. 9/09

# IN THE COURT OF COMMON PLEAS
# STARK COUNTY, OHIO

James M Byrd Jr.
3726 Heatherwood Circle
Canton, OH 44720
Plaintiff(s)

CASE # 2020CV01108

JUDGE Heath

VS

Pepsico / Frito-Lay
4030 16th St. SW
Canton, OH 44710
c/o Human Resources
Traffic Center
Defendant(s)

(X) COMPLAINT
( ) APPEAL

| |
|---|
| Discrimination due to disability started on 4/20/2018. Dr. Dinsmore, primary care physician of James Byrd Jr., wrote a doctor's note instructing James to have 15 hours off between truck driving runs due to digestive orders. (Copy #1). PepsiCo/Frito-Lay refused to make reasonable accommodations. James symptoms kept worsening. |
| On 8/17/2018, Dr. Bandi performed colonoscopy. Dr. Bandi filled out the required paperwork for reasonable accommodations. Paperwork was sent to PepsiCo/Frito-Lay, Human Resources, Traffic Center, Canton, OH. PepsiCo/Frito-Lay would not accommodate. |
| On 08/08/2018, Dr. Ramakrishna Bandi's Physician Assistant, Maura Forester, submitted paperwork requesting reasonable accommodations. (Copy #2). Again, PepsiCo/Frito-Lay refused. |
| Again, on 10/05/2018, Physician Assistant, Ms. Forester, requested the reasonable accommodations. PepsiCo/Frito-Lay again refused. (Copy #3) |

On 10/15/2018, a request for reasonable accommodations was sent to Peter Johnston, Human Resource Manager for PepsiCo/Frito-Lay, Canton, OH. Again, PepsiCo/Frito-Lay refused. (Copy #4).

Numerous texts and calls were made by James Byrd to Andrea Fortune, Human Resources, and Jen Heider, Traffic Center Manager. (Copy #5).

February of 2019, James Byrd Jr. filed a discrimination claim with the EEOC Cleveland, OH office. Investigation was concluded March 3, 2020.

Notice of right to sue letter was then sent to James. (Copy #6).

Reasonable accommodations that were asked for were 15 hours off between trucking runs, and to be given the trucking runs that did not require the lifting of more than 25 lbs. The digestive disease diagnosed is diverticulosis/diverticulitis. Enclosed is a copy of the ADA statement covering the digestive diseases/disorders. (Copy #7).

Also enclosed, is the formal definition of Essential Job Function. (Copy #8).

SIGNATURE

*Copy #3*
*Page 1*


# PEPSICO

## Physician's Medical Review Form

Employee Name: **James Boyd**
Job Evaluated: **OTR Driver**   Shift: _____

**Attention, Physician:** The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA from requesting or requiring genetic information of an individual or family member of the individual except as specifically allowed by law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic Information" as defined by GINA includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member (or an embryo lawfully held by an individual or family member receiving assistive reproductive services).

*In responding to this form, if the employee has (or has a record of) more than one impairment, please respond only as to the impairment(s) for which accommodation is requested.*

1. Does the employee have an impairment that substantially limits a major life activity? *(For example: caring for oneself, performing manual tasks, walking, seeing, hearing, sitting, speaking, breathing, learning, concentrating, etc.)* If so, describe the impairment and the limitation.

   *Due to the extent of patient's reflux esophagitis, it is not recommended he lift greater than 25 pounds. Additionally, he should not be bending over/lifting within 2 hours of eating/meals.*

2. Does the employee have any <u>permanent</u> medical restrictions? If so, please describe.

   *Duration of patient's condition unknown - has the potential to be life-long condition. See (1) for restrictions.*

3. Does the employee have any <u>temporary</u> medical restrictions? If so, please describe and explain how long these restrictions will be in place.

   _____
   _____

4. Based on the enclosed job description, can the employee perform the job functions of _____ either with or without an accommodation?   ☐ Yes  ☐ No

1

Copy #3
Page 2

5. Please list each job function(s), if any, that the employee is unable to perform unless he/she receives an accommodation:

   patient unable to lift greater than 25 pounds

6. What modifications, if any, to the job functions listed in Question #5 above, might enable the employee to perform the OTR Driver job?

   Reduce amount of weight patient able to lift to not exceed 25 pounds — no lifting within 2 hours of eating.

7. Would performing all of the functions of the OTR Driver job, either with or without an accommodation, result in a direct threat (significant risk of substantial harm) to the safety or health of the employee or other persons? ☑ Yes ☐ No

8. Please describe any direct threat to health or safety identified in Question #7.

   Excess heavy lifting (greater than 25 pounds) and bending + lifting soon after eating may exacerbate or worsen reflux esophagitis

9. Would an accommodation eliminate the direct threat to health or safety, or reduce it to below the level of a direct threat? ☑ Yes ☐ No ☐ Not Applicable

   If yes, what accommodation, if any, would eliminate any direct threat, or reduce it below the level of a direct threat?

   Reducing the weight patient is required to lift.

   _____        10/5/18
   Signature of Physician                 Date

   Physician's business address: 275 Graham Rd, Suite 11
   Cuyahoga Falls, OH 44223

   Type of practice/Medical specialty: SHMG — Gastroenterology

   Telephone: (330) 920-1212    Fax: (234) 312-2337

2

Copy #4

# PEPSICO

## CONFIDENTIAL REQUEST FOR ACCOMMODATION

TO: HR Manager **Peter Johnston**

FROM: **James M Byrd Jr.**  Position: **OTR Driver**

Work Location: **Canton, OH Traffic center**  Supervisor: **Jen Heider**

1. Please describe your impairment and describe how your impairment limits a major life activity. (Examples of major life activities are: caring for oneself, performing manual tasks, walking, seeing, hearing, sitting, speaking, breathing, learning, concentrating, etc.)

   Cannot lift over 25lbs. Cannot bend over excessiveley. Have to have atleast 15 hours off in order to let my food digest.

2. Using a Physical Demands Analysis or job description, describe how the impairment you identified in Question 1 limits your ability to perform your job responsibilities. (Attach additional sheets as necessary).

   The essential function of driving is not impaired.

3. Specifically describe the accommodation(s) you are proposing, and state how the proposed accommodation will assist you in performing your job responsibilities.

   Atleast 15 hours off between runs for proper rest and food digestion. Driving only to eliminate the bending and lifting

4. Would you like the Company to work with you to attempt to identify other vacant positions that may meet your restrictions? ☐ Yes  ☒ No

5. Are you willing to relocate? ☐ Yes  ☒ No  Please restrict your search for vacant positions to the following geographic areas: _____

I understand that the Company will determine whether, based on state or federal law, I am eligible for a reasonable accommodation. I further understand that, if I am eligible for a reasonable accommodation, I will be asked to participate in the process of identifying and selecting an accommodation. I agree to promptly cooperate with any requests for medical examination or testing and to release to authorized Company personnel and agents the medical records necessary to evaluate my request for an accommodation.

Employee Signature                                    Date  10-15-2018

Copy #5 page 1





Copy #5
page 2

**Jen H Fritolay**
+13306853412

CALL   MORE

2:51 PM — I can work I just sill have pain sometime.

I need you to be able to do all work we have.
2:51 PM

2:56 PM — Can't do a lot of bending over without being uncomfortable or in pain. My doctor said that I wouldn't feel like myself about a year or so.

Ok. I need you to be able to do all work that we have. If there is something that is preventing you from doing anything in particular we need to discuss you being on leave or apply for ADA. I understand what you went through, but please understand what is needed to be an active driver, you would have more consistency in

Copy #5
page 3

**Jen H Fritolay** ▼
+13306853412     CALL     MORE

2:29 PM  I will never have a full medical release. I have a chronic disease. It is not curable.

Which is why you need to contact HR.  2:30 PM

2:30 PM  It can only be managed.

You had a full release when you came back that showed no restrictions.  2:30 PM

2:31 PM  Not true and you know it.

Like I said you need to need to talk to HR. You are not on restrictions.  2:31 PM

2:32 PM  Take a look at my last doctors excuse.

I will send to HR

Enter message

Copy #5
page 4

**Jen H Fritolay**
+13306853412

CALL    MORE

2:31 PM — Not true and you know it.

Like I said you need to need to talk to HR. You are not on restrictions. 2:31 PM

Take a look at my last doctors excuse. 2:32 PM

2:35 PM — I will send to HR.

Please do. Like I told you before this is not something that would be approved locally, and you haven't returned to work, so the last release you did have a full release. If more time off is needed, you will need another doctors note. Please let me know when you plan to return to work. 3:13 PM



Copy #5
page 5



Copy #5
page 6

**Jen H Fritolay** ▼
+13306853412

CALL   MORE

2:56 PM — comfortable or in pain. My doctor said that I wouldn't feel like myself about a year or so.

2:59 PM — Ok. I need you to be able to do all work that we have. If there is something that is preventing you from doing anything in particular we need to discuss you being on leave or apply for ADA. I understand what you went through, but please understand what is needed to be an active driver, you would have more consistency in your schedule if you were bidding on everything. Call me with questions.

3:01 PM — Please understand not saying I am sick still healing.

 

Copy #5
page 7

**Andrea Fortune ▼**
3302872665

CALL    MORE

Monday, April 30, 2018

8:24 AM — Hey Andrea trying to get a hold of you. DPS has kicked me out of the system so I can not bid. Also Jen Hider wanted me to contact you before returning to work. My doctor dose not want me to do anything strenuous and he suggests I have at least 15 hours off between runs. Due to my intestinal condition. This is James Byrd.

8:26 AM — Please contact me at your earliest convenience.



Enter message

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: James M. Byrd, Jr.<br>1743 Underwood Street<br>Cuyahoga Falls, OH 44221 | From: Cleveland Field Office<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 532-2019-00961 | Sabrina A. Austin,<br>Investigator | (216) 522-7675 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
for Dana R. Hutter,
Deputy Director

MAR 0 3 2020
*(Date Mailed)*

Enclosures(s)

cc: **Ashlee Stewart**
**Senior Legal Specialist**
**FRITO-LAY – MD 3A-442**
**7701 Legacy Drive**
**Plano, TX 75024**

In the past, asking an employer for reasonable accommodation in regards to <u>inflammatory bowel disease</u> (IBD [<u>Crohn's disease</u> and <u>ulcerative colitis</u>]) was a risky undertaking. The stigma that <u>people with IBD have emotional problems</u> or severe stress was pervasive, and seeking legal recourse if one was discriminated against was not easy. There was no law in place that specifically protected people with IBD from losing their job if they became ill or needed accommodation. An amendment to the Americans with Disabilities Act (ADA) in 2008 changed this and offered some much-needed protections for people with IBD in the workplace.

The amendment, which took effect January 1, 2009, protects more individuals under the ADA than it did in the past. A disability is now defined as a condition that substantially impairs a major life activity—even while that condition is in remission (which is broadly defined as the absence of disease activity). This is an important distinction for people with IBD, because the disease often goes through periods of active flare-ups and remissions, and it is not apparent just from looking at a person with IBD that they could need assistance in order to perform the duties of their job.

A disability is now defined as a condition that substantially impairs a major life activity—even while that condition is in remission.

## A Definition of "Major Life Activities"

The first definition of major life activities in the ADA includes a fairly obvious set of abilities—caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

The second definition of major life activities includes a list of "major bodily functions"—functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions. These major-life activities can be impaired by a variety of diseases and conditions, but that isn't always readily apparent from looking at, or even talking with, a person.

It's no secret that people with IBD would certainly be able to support a claim that their disease affects at least one major bodily function. Because of the frequency of extra-intestinal complications of IBD, it's also possible that several bodily functions might be affected by IBD and not just the digestive system.

## Applications of the ADA to IBD

Now that digestion is defined as a major life activity, people who have IBD are covered under the ADA. Employers are required to make "reasonable accommodations" to assist their employees who are considered disabled by the definitions set in the ADA.

Some examples of reasonable accommodations for someone with the digestive disease might be:
- Allowing enough time for frequent restroom breaks
- Moving an employees' workstation closer to a restroom
- Time off or unpaid leave for doctor's appointments, flare-ups or hospitalizations
- Providing flexible work schedules or telecommuting opportunities
- Reassignment to a different position

As with many provisions of the ADA and other laws, there is room for interpretation as to what is a reasonable accommodation, and whether or not a particular person is entitled to them. If you think you are being discriminated against, you can look up your local Equal Employment Opportunity Commission office in the phone book under "U.S. Government" or call them at (800) 669-4000 (Voice) or (800) 669-6820 (TDD).

## Has This Law Been Applied to People With IBD?

Yes, the amendment to the ADA <u>has been used by people with IBD</u>. There have been lawsuits brought by people with IBD who were terminated from their jobs because of the effect their Crohn's disease or their ulcerative colitis had on their job. In some cases, taking legal action may be the way to resolve the situation, especially if the employer is not open to arbitration or providing any kind of reasonable accommodation.

However, most people would want to avoid a lawsuit with their employer. For this reason, the Crohn's and Colitis Foundation has <u>developed a letter</u> that can be used to communicate the need for accommodation to an employer. The letter can be customized, signed by a healthcare provider, and then provided to an employer. The goal is to allow a person with IBD to continue

An employee who is otherwise qualified (for example, because the employee has the degrees, license, and experience required for the position) is protected from disability discrimination if he or she can perform the essential job functions. It doesn't matter if the employee requires an accommodation from the employer to do so: As long as the employee can perform the essential functions of the job, with or without a reasonable accommodation, the employee is protected from discrimination by the ADA.

This is why the labeling of job functions as "essential" or "nonessential" is so important. If a function is truly essential, and an applicant or employee cannot perform it even with a reasonable accommodation, then that person is not qualified for the job as a legal matter. The person cannot bring a disability discrimination lawsuit against the employer, even if the person couldn't perform the essential job functions because of a disability. On the other hand, if a function is not truly essential, the employer cannot exclude a person with a disability from consideration for the position just because that person can't perform the function. Legally, it may not play a role in the employer's decision-making process.

## Which Job Duties Are Essential?

As the name suggests, essential job functions are the fundamental, not marginal, duties of a job. A job duty is an essential function if any of the following is true:

- The reason the job exists is to perform that function. For example, an essential function of a pilot is to fly planes.
- Only a few employees can perform the function.
- The function is so highly specialized that the employer hires people into the position specifically because of their expertise in performing that function.

Work Cited: Nolo.com

Copy #1

Name: James Byrd     Time In: _____

Has been under our care from: 4-20-18 to 4-24-18

He/She may return to ☐ School or ☒ Work on: 4-24-18

Diagnosis: Irritable Bowel disease

Comments: I am requesting Mr. Byrd's schedule be changed to allow him at least 15 hours off between his work shifts due to his medical condition. Thank you

Physician Signature: [signed]     Date: 4-20-18     Time Discharged: _____

Rex W. Dinsmore, D.O.
West Avenue Family Practice
145 West Avenue
Tallmadge, Ohio 44278

Copy #2



Summa Health Medical Group

Ramakrishna Bandi, MD

275 Graham Road, Suite 11

Cuyahoga Falls, Ohio  44223

Telephone #330-920-1212

Fax# 234-312-2337

DATE: Aug 6, 2018

This is to certify that James Byrd

Is: \_\_\_\_\_ able to return to work/school without restrictions.

X able to return to work/school with the following restrictions:

After recent testing, it is recommended that James return to work with a 25# weight-limit / lifting restriction. Please reach out with any questions!

\_\_\_\_\_ not able to return to work until _____

*[signature]*, CNP


**UNITED STATES**
**POSTAL SERVICE**

2020 CV 01108
PEPISCO FRITOLAY

August 20, 2020

Dear Sandy Fraga:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9489 0090 0027 6160 3427 72.**

### Item Details

| | |
|---|---|
| **Status:** | Delivered |
| **Status Date / Time:** | August 19, 2020, 1:05 pm |
| **Location:** | CANTON, OH 44702 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

### Shipment Details

| | |
|---|---|
| **Weight:** | 8lb, 2.5oz |

### Recipient Signature

| | |
|---|---|
| Signature of Recipient: | *[signature]* |
| Address of Recipient: | 4030 16TH ST SW |
| | CANTON, OH 44710-2354 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004