## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JAMES M. BYRD, JR., | Case No. 5:20-cv-01923 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Kathleen B. Burke |
| PEPSICO/FRITO-LAY, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff James M. Byrd, Jr. filed a lawsuit against Defendants PepsiCo/Frito-Lay[1] in state court, which Defendants removed to this Court on the bases of federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332. (ECF No. 1.) Defendants now move to dismiss Plaintiff's complaint as untimely. (ECF No. 6.) For the following reasons, the Court **GRANTS** Defendants' motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission in February 2019. (ECF No. 1-1, PageID #9.) The EEOC concluded its investigation of his claim on March 3, 2020, after which Plaintiff received a letter from the EEOC denying his charge and informing him of his right to

---

[1] Plaintiff named PepsiCo/Frito-Lay as Defendants. (ECF No. 1-1, PageID #8.) Defendants state that Plaintiff's employer was FL Transportation, Inc., a wholly owned subsidiary of PepsiCo, Inc., and that several PepsiCo, Inc. subsidiaries include the name "Frito Lay." (ECF No. 1., PageID #1 n.1.) Defendants, therefore, respond for PepsiCo, Inc., FL Transportation, Inc., and any other PepsiCo, Inc. entity Plaintiff intended to sue. (*Id.*) They are collectively referred to as "Defendants" here.

sue. (*Id.*) The letter, which Plaintiff attached to the complaint, is dated March 3, 2020 (*id.*, PageID #20), but Plaintiff claims he did not receive the letter until March 30, 2020 (ECF No. 9., PageID #135). The bottom quarter of the first page of the letter is prominently titled "**NOTICE OF SUIT RIGHTS.**" (*Id.*) The corresponding paragraph provides, in relevant part, "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.*)

Plaintiff filed this claim in state court on August 3, 2020—153 days after the March 3, 2020 date of the right-to-sue notice and 126 days after Plaintiff claims to have received the notice. (ECF No. 1-1.) In his lawsuit, Plaintiff alleges Defendants failed to make reasonable accommodations for his disability as required under the Americans with Disabilities Act, 42 U.S.C. § 12101. (*Id.*, PageID #8.) Defendants respond, having removed the case to this Court, that Plaintiff's claim is time-barred and should be dismissed because he failed to file suit within 90 days from receiving the right-to-sue notice from the EEOC. (ECF No. 6, PageID #42.)

## LEGAL STANDARD

At the motion to dismiss stage, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015).

In addition to the allegations in the complaint, courts "may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *DeShetler v. FCA US LLC*, No. 3:18 CV 78, 2018 WL 6257377, at *4 (N.D. Ohio Nov. 30, 2018) (quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)). Plaintiff attached several documents to his complaint, including the March 3, 2020 right-to-sue letter, that the Court considers on this motion to dismiss.

Further, "pleadings and documents filed by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, [but] *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf." *Thomas v. Slusher*, No. 1:17-cv-794, 2018 WL 931301, at *4 (N.D. Ohio Feb. 16, 2018) (citation omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## ANALYSIS

Before filing an employment discrimination lawsuit, a plaintiff must file a timely charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). If the EEOC dismisses the charge, it must notify the plaintiff of the dismissal and of the right to initiate a civil action, which the plaintiff must do within 90 days after the EEOC provides notice. 42 U.S.C. § 2000e-5(f)(1); *Graham-Humphreys v. Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000). "Failure to . . . bring an action within the ninety-day period is grounds for dismissal under Rule 12(b)(6)." *Green v. Central Ohio Transit*

*Auth.*, No. 2:13-cv-41, 2013 WL 4479093, at *3 (S.D. Ohio Aug. 20, 2013) (citing *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004)).

Courts strictly enforce the 90-day time period and presume the EEOC has provided notice to trigger the 90-day limitation period five days after it mails the right-to-sue letter to the claimant's record address. *Graham-Humphreys*, 209 F.3d at 557–58. The presumption may be rebutted where the plaintiff proves "that he did not in fact receive notification within that period." *Rucker v. Potter*, 215 F. App'x 406, 408 (6th Cir. 2007) (citing *Graham-Humphreys*, 209 F.3d at 557–58).

The limitation period is subject to equitable tolling "under very limited circumstances." *Franklin v. FirstEnergy Corp.*, No. 5:11-CV-02444, 2012 WL 2130987, at *5 (N.D. Ohio June 12, 2012) (citing *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981)). Accordingly, "[f]ederal courts apply equitable tolling sparingly" and require a plaintiff to "demonstrate facts showing his diligence in pursuing the claim." *Williams v. Northwest Airlines*, 53 F. App'x 350, 352 (6th Cir. 2002) (citations omitted). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. Unfortunately for Plaintiff, his ADA claim is time-barred because he allowed the 90-day time limit to lapse before filing suit and he provides no information warranting equitable tolling.

### I. Plaintiff's Claim Was Untimely

Plaintiff's right-to-sue letter is dated March 3, 2020. He attached to his briefing an envelope from the EEOC that is addressed to him and postmarked March 4, 2020. (ECF No. 9, PageID #137.) Plaintiff represents that the

4

March 4, 2020 envelope contained the right-to-sue letter, and the Court accepts his representation as true at this stage in the proceedings.  The Court initially presumes, as it must, that Plaintiff received the notice letter five days after the postmarked date, on March 9, 2020.  Accordingly, the 90-day limitations period began running on March 9, 2020, and expired on June 7, 2020.  Plaintiff did not file his complaint until August 3, 2020, well outside the limitations period.

Plaintiff claims, however, that he did not receive the notice within the presumptive five-day window.  Instead, he states the notice was incorrectly mailed to his mother's address, where he has not lived since August 2019.  (ECF No. 9, PageID #135.)  As a result, he claims he did not actually receive the notice until March 30, 2020, and that he filed this lawsuit "exactly 90 business days" from his receipt.  (*Id.*) Even giving Plaintiff the benefit of the doubt as to the alleged facts, this argument fails to make the filing of his suit timely.

The complaint states that Plaintiff initiated his charge with the EEOC in February 2019, seven months before he claims to have moved to a new address.  (ECF No. 1-1, PageID #9.)  It is possible that the EEOC mailed the notice to his old address because that was the address on file from Plaintiff's charge and he neglected to inform the EEOC of the change.  In that instance, Plaintiff's neglect would not excuse his late filing.  *Graham-Humphreys*, 209 F.3d at 558.  But construing the allegations in Plaintiff's favor, the complaint and related documents do not definitively establish that turn of events, so the Court does not reject his argument on that basis.

5

Accepting Plaintiff's claim that the EEOC mailed the notice to the wrong address and that Plaintiff received the notice on March 30, 2020, he still filed his complaint more than one month after the limitations period expired. The 90-day computation period includes weekends and holidays, not just business days, as Plaintiff argues. *Vactor v. Urbana City Sch.*, No. 3:20-cv-00006, 2020 WL 1491384, at *3 (S.D. Ohio Mar. 27, 2020), *adopted*, 2020 WL 2110584 (S.D. Ohio May 4, 2020). If Plaintiff received the notice on March 30, 2020, his claim was due June 28, 2020, and he did not file until August 3, 2020. Because his ADA claims are untimely, the complaint must be dismissed unless equitable tolling applies. *See Graham-Humphreys*, 209 F.3d at 558 (citation omitted).

**II.     Equitable Tolling Does Not Apply**

Courts may consider the following non-exhaustive factors to determine whether equitable tolling should apply: (1) "lack of notice of the filing requirement"; (2) "lack of constructive knowledge of the filing requirement"; (3) "diligence in pursuing one's rights"; (4) "absence of prejudice to the defendant"; and (5) "the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Graham-Humphreys*, 209 F.3d at 561 (quoting *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Courts should also be guided by the underlying principle that "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61 (citations omitted).

No such unavoidable circumstance exists here. Plaintiff admits receiving notice of the filing requirement on March 30, 2020, and does not claim ignorance of

the deadline, which neutralizes the first, second, and fifth factors. (ECF No. 9, PageID #135.)  As to the third factor, Plaintiff raises several arguments against dismissal, but none demonstrates that he diligently pursued his claim.  Where, as here, none of the other factors favor equitable tolling, the fourth factor is rendered immaterial.  *Graham-Humphreys*, 209 F.3d at 562 n.12 (citations omitted).

Turning to the third factor in more detail, Plaintiff argues that he could not have filed sooner than August 3, 2020, because he was required to stay at home between March 23, 2020, through May 1, 2020, due to Ohio's Stay At Home order put in place to slow the spread of the Covid-19 pandemic. (ECF No. 9, PageID #135.)  As Defendants point out, however, courts remained open during that time and Plaintiff could have filed his complaint regardless of the Stay At Home order.  Moreover, assuming the earliest he could have filed was May 2, 2020, his complaint would have been due July 31, 2020, and he did not file until August 3, 2020.

Plaintiff also filed an unauthorized surreply (ECF No. 11), which the Court need not consider, s*ee* L.R. 7.1, but will nevertheless briefly address to show that none of Plaintiff's additional arguments merit equitable tolling.  First, Plaintiff's inability to obtain legal counsel, assuming he diligently pursued representation, does not excuse untimely filing.  Plaintiff did not require counsel to file suit.  Indeed, he ultimately filed his complaint *pro se*, although belatedly, and he offers no valid explanation why he could not have done so earlier.  Second, Ohio's temporary tolling rules adopted in response to the Covid-19 pandemic did not modify or toll federal

7

deadlines, like the 90-day deadline set forth in Section 2000e-5(f)(1), and therefore do not save his belated complaint.

Third, Plaintiff states, "Defendant has not technically fired Plaintiff to try to stop Plaintiff from filing suit." (ECF No. 11, PageID #161.) An employer's conduct can justify equitable tolling of the 90-day time period where the conduct "reasonabl[y] leads the employee to delay in pursuing his claim[.]" *Franklin*, 2012 WL 2130987, at *5. Defendants' conduct, taken as true, is not the type of misleading conduct that justifies equitable tolling. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) (citation omitted) ("The most common situation calling for equitable tolling involves some affirmative representation or action by the employer that causes an employee to miss a filing deadline."). Plaintiff has not alleged that Defendants misled him in a way that caused him to miss the 90-day filing deadline. To the contrary, continuing to employ Plaintiff while still refusing to accommodate his disability, as Plaintiff alleges, presumably would have encouraged Plaintiff to file his ADA claim sooner rather than later. Defendants' alleged conduct would not have reasonably prevented Plaintiff from diligently pursuing his claim in a timely manner.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 6), **DISMISSES** the Complaint (ECF No. 1-1), and **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

8

Dated: January 29, 2021

                                                  J. Philip Calabrese
                                                  United States District Judge
                                                  Northern District of Ohio